UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES MICHAEL BAILEY, SAMILUAH LYNCH, RICHIE DILLS, MARK ANTHONY HUNTER, MARK ALDRICH, and VICTOR NEAL MANSBARGER, | ) ) ) ) ) ) |
| Plaintiffs, | ) No. 3:25-cv-00761 ) |
| v. | ) ) |
| LESCO DESIGN AND MANUFACTURING COMPANY, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Six former workers of Lesco Design and Manufacturing Company, Inc., a Kentucky manufacturing company, claim it owes them millions in profit-sharing compensation. By their own account, they were wildly successful, helping secure contracts for Lesco worth over $600 million across projects in Stanton, Tennessee (near Memphis); Glendale, Kentucky; and Holland, Michigan. The problem is that none of those cities are in the Middle District of Tennessee. Lesco moves to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. (Doc. No. 18). The motion is ripe for decision. Because venue is plainly improper in the Middle District of Tennessee, the Court grants the motion on that basis.

I.     **FACTUAL BACKGROUND**[1]

Lesco is a Kentucky corporation that designs and installs material-handling equipment. (Doc. No. 1 at 2). The six Plaintiffs are industrial equipment installers who reside in five states: Tennessee, Florida, Michigan, Ohio, and Indiana. (Id. at 1-2). Two of them (Bailey and Lynch) live in Rutherford County, Tennessee. (Id. at 1).

The Plaintiffs negotiated a profit-sharing arrangement with Lesco under which they would help secure business and receive 16% of Lesco's profits in return. (Id. at 4-5). Between 2022 and 2024, they helped land three major contracts: a Ford facility in Stanton, Tennessee, a Ford facility in Glendale, Kentucky, and an LG facility in Holland, Michigan. (Id. at 5-6). The three projects generated over $41 million in profits for Lesco—roughly $9.25 million from the Stanton project, $17.6 million from the Kentucky project, and $14.7 million from the Michigan project. (Id. at 10).

In January 2024, Lesco withdrew from the Michigan project, citing an inability to manage the rapid growth that the Plaintiffs had generated. (Id. at 6). The Plaintiffs transitioned to a new employer with Lesco's approval. (Id. at 7). Lesco made partial profit-sharing payments to some of the Plaintiffs for the completed work but then refused to pay the rest. (Id. at 10).

II.    **LEGAL STANDARD**

"[W]hen a defendant files a 12(b)(3) motion to dismiss for improper venue, the plaintiff must show by a preponderance of the evidence that venue is proper." Tobien v. Nationwide Gen. Ins. Co., 133 F.4th 613, 621 (6th Cir. 2025).

Venue is governed by 28 U.S.C. § 1391(b). Under that statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Unless noted otherwise, the Court draws the facts from the First Amended Complaint ("FAC") (Doc. No. 22) and assumes the truth of the allegations for purposes of ruling on the motion. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

When venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "The decision of whether to dismiss or transfer is within the district court's sound discretion." First of Michigan Corp. v. Bramlet, 141 F.3d 260, 262 (6th Cir. 1998).

## III. ANALYSIS

Plaintiffs have not carried their burden of establishing that venue is proper in this district. The Complaint's sole venue allegation states that "[b]ased upon the amount in controversy, and diversity of citizenship, jurisdiction and venue are appropriately confirmed, pursuant to 28 U.S.C. § 1332." (Doc. No. 1 at 3). Needless to say, that is not correct. Diversity jurisdiction has nothing to do with venue.

The rest of the Complaint does not fill the gap. Lesco does not reside in this district, it resides in Kentucky. 28 U.S.C. § 1391(b)(1).

Nor did any of the relevant events occur here. 28 U.S.C. § 1391(b)(2). Work subject to the payment dispute occurred at three project sites: Stanton, Tennessee (near Memphis), Glendale, Kentucky, and Holland, Michigan. Only the Stanton project actually took place in Tennessee, but Stanton sits in the Western District of Tennessee, not the Middle District. Lesco raised this point in its motion (Doc. No. 19 at 13-14), and Plaintiffs failed to respond to it, instead arguing that it would be inconvenient to litigate elsewhere (which has nothing to do with whether venue is

3

Case 3:25-cv-00761    Document 31    Filed 02/26/26    Page 3 of 4 PageID #: 183

proper). (Doc. No. 24 at 9). And it is not even clear that, even if Stanton were in the Middle District, a substantial enough portion of the relevant events occurred there. The Stanton project accounts for less than a quarter of the roughly $41 million in disputed profits. The Kentucky project generated nearly twice as much. The Michigan project, where the central dispute over Lesco's withdrawal unfolded, generated another $14.7 million. The payment decisions also all originated from Lesco's offices in Kentucky. Not a single event occurred in this district.

Finally, proper venue exists elsewhere. 28 U.S.C. § 1391(b)(3). The Western District of Kentucky, where Lesco is incorporated and headquartered, is one. The Western District of Tennessee, where the Stanton project occurred, may be another.

Because venue is improper, the Court must determine whether to dismiss this case or transfer it to another district. 28 U.S.C. § 1406(a); <u>First of Michigan Corp.</u>, 141 F.3d at 262. Dismissal is warranted. The projects that are the subject of the payment dispute span multiple districts in multiple states, and there are likely multiple jurisdictions where venue is proper. The Court declines to make that decision for the Plaintiffs.

## IV. CONCLUSION

The motion to dismiss (Doc. No. 19) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**. The clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE